UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

THOMAS L. DAVENPORT,

    Plaintiff,

v.

TOYOTA MOTOR SALES, USA, INC.; TOYOTA LOGISTICS SERVICES, INC.; COTTRELL, INC.; CASSENS CORPORATION; LISA SHASHEK; UNKNOWN RIG DISTRIBUTORS/ MANUFACTURERS; CASSENS TRANSPORT COMPANY; JEFF CASSENS; ALLEN CASSENS; A.C. LEASING, INC.; KSC LEASING; J.C. LEASING; F.T.L. LEASING; and ALBERT CASSENS TRUST,

    Defendants.

Case No. 09-cv-532-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Cassen's Corporation's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 20), to which it attached matters outside the pleading. Ordinarily, when a Rule 12(b)(6) motion to dismiss refers to matters outside the pleading, such as the documents attached to Cassen Corporation's motion, the Court may convert the motion to dismiss into a motion for summary judgment or it may exclude the additional material from consideration.

Citing *Alioto v. Marshall Field's & Co.*, 77 F.3d 934, 936 (7th Cir. 1996), Cassens Corporation argues that the Court may consider matters outside the pleading in conjunction with a Rule 12(b)(6) motion. *Alioto* does not support this argument. In *Alioto*, a defendant filed a motion to dismiss with outside matters attached. *Id.* The District Court considered the materials and purported to grant the motion under Rule 12(b)(6). *Id.* On review of that decision, the Court of Appeals reiterated the rule that

> when dismissing a complaint for failure to state a claim under Rule 12(b)(6), the district court may not look to materials beyond the pleading itself. Fed. R. Civ. P. 12(b); *Fleischfresser v. Directors of School Dist. 200*, 15 F.3d 680, 684 & n. 8 (7th Cir. 1994). If the court does consider extrinsic materials, the motion must be converted into one for summary judgment. *Id.*

*Id.* It then held that the District Court implicitly converted the motion to one for summary judgment by considering the outside matters and then erred by failing to give the plaintiff notice and an opportunity to respond. *Id.* However, it found the error harmless because the plaintiff could not show that, had she had notice and an opportunity to respond to the summary judgment motion, she would have been able to resist it. *Alioto* distinctly does *not* support the position that the Court may consider outside matters in connection with a Rule 12(b)(6) motion.

In this case, the Court finds that converting the Rule 12(b)(6) motion to a Rule 56 motion for summary judgment may promote the expeditious resolution of this litigation. Accordingly, the Court **CONVERTS** Cassens Corporation's Rule 12(b)(6) motion to dismiss (Doc. 20) into a Rule 56 motion for summary judgment. The deadlines for the summary judgment motion shall be the same as those established by the originally filed Rule 12(b)(6) motion.

**IT IS SO ORDERED.**
**DATED: August 27, 2009**

                                             s/ J. Phil Gilbert
                                             **J. PHIL GILBERT**
                                             **DISTRICT JUDGE**