UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS L. DAVENPORT,<br><br>    Plaintiff,<br><br>  v.<br><br>TOYOTA MOTOR SALES, USA, INC.; TOYOTA LOGISTICS SERVICES, INC.; COTTRELL, INC.; CASSENS CORPORATION; LISA SHASHEK; UNKNOWN RIG DISTRIBUTORS/ MANUFACTURERS; CASSENS TRANSPORT COMPANY; JEFF CASSENS; ALLEN CASSENS; A.C. LEASING, INC.; KSC LEASING; J.C. LEASING; F.T.L. LEASING; and ALBERT CASSENS TRUST,<br><br>    Defendants. | Case No. 09-cv-532-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Thomas Davenport's motion to remand (Doc. 17). Defendant Cottrell, Inc. has responded to the motion (Doc. 27).

**I.    Background**

Davenport originally filed this case in the Circuit Court for the Third Judicial Circuit in Madison County, Illinois. He alleges that, as an employee of defendant Cassens Transport Company, he was injured while using a tie-down system on a car-hauling trailer designed and manufactured by Cottrell. Davenport alleges that each of the defendants is liable for his injuries under theories of products liability, negligence, piercing the corporate veil, partnership liability, breach of contract, consumer fraud, equitable estoppel, and/or spoliation of evidence.

Believing that Davenport, a citizen of Kentucky, is completely diverse from all defendants, who are citizens of California, Georgia and Illinois, and that more than $75,000 is in issue, exclusive of interest and costs, Cottrell removed this case to federal court under 28 U.S.C. § 1441(b), relying on the Court's original jurisdiction under 28 U.S.C. § 1332(a).

Davenport now asks the Court to remand this case because 28 U.S.C. § 1441(b) provides for removal of diversity actions "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." This is known as the "forum defendant rule." Davenport argues that the forum defendant rule prevents removal of this case in light of the fact that defendants Cassens Corporation, Cassens Transport Company, Lisa Shashek, Jeff Cassens, Allen Cassens, A.C. Leasing, Inc., KSC Leasing, J.C. Leasing, F.T.L. Leasing and Albert Cassens Trust[1] are citizens of Illinois, the state in which this action was brought.

In response, Cottrell asserts that the doctrine of fraudulent joinder permits the Court to disregard the Illinois defendants because there is no possibility that Davenport can state a case against them. It cites a number of cases in which courts have applied the doctrine of fraudulent joinder to disregard the citizenship of in-state defendants *for the purposes of establishing diversity jurisdiction. See, e.g., Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921); *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999). It cites only one case addressing the propriety of fraudulent joinder *in connection with the forum defendant rule*.

---

[1]The Court notes that Cottrell has not sufficiently identified in its notice of removal the citizenship of the Albert Cassens Trust. It alleges the trust is a citizenship of Illinois because it is incorporated under the laws of Illinois and has its principle place of business in Illinois. However, those facts are not relevant to a trust's citizenship, which is determined by the citizenship of the trustee or trustees, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.,* 980 F.2d 1072, 1074 (7th Cir. 1992), or, if the law under which the trust is organized permits the trust to sue and be sued in its own name, the citizenship of the trust's beneficiaries. *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1058 n. 1 (S.D. Ill. 2006) (citing *Allegis Group, Inc. Contractors Health Plan Trust v. Connecticut Gen. Life Ins. Co.*, No. 04-16, 2004 WL 1289862, at * 2-4 & n. 3 (D. Md. June 10, 2004)). Ordinarily, the Court would permit Cottrell to amend its notice of removal to correct this pleading defect. However, because the Court concludes that the forum defendant rule prohibits removal of this action regardless of the citizenship of the Albert Cassens Trust, amendment is not necessary.

*See Sargent v. Cassens Corp.*, No. 06-cv-1042-MJR, 2007 WL 1673289 (S.D. Ill. June 7, 2007).

Davenport believes the doctrine of fraudulent joinder applies only in situations where a plaintiff sues a non-diverse defendant for a claim upon which he cannot prevail in order to destroy diversity jurisdiction. Davenport contends fraudulent joinder has no application where, as here, complete diversity exists and the sole question is the applicability of the forum defendant rule. *See Yount v. Shashek*, 472 F. Supp. 2d 1055 (S.D. Ill. 2006). Alternatively, he argues that the Illinois defendants were not fraudulently joined.

**II.     Analysis**

A defendant may remove to federal court a case filed in state court if the federal court would have had jurisdiction to hear the case when the plaintiff originally filed it. 28 U.S.C. § 1441(a); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). However, the forum defendant rule, an exception to this general rule, provides that, where diversity jurisdiction under 28 U.S.C.§ 1332(a) is the basis for original federal jurisdiction, the case is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b).

"In diversity cases, removal jurisdiction was designed to protect nonresident defendants from any perceived prejudice or preference of the state court regarding the resident plaintiffs." 16 James Wm. Moore et al., *Moore's Federal Practice* § 107.03; *see also Galva Foundry Co. v. Heiden*, 924 F.2d 729, 730 (7th Cir. 1991) (noting that diversity jurisdiction's "main contemporary rationale is to protect nonresidents from the possible prejudice that they might encounter in local courts"). The forum defendant rule reflects the notion that there is no concern about favoritism by local courts towards a nonresident plaintiff, so there is no need to protect a resident defendant by allowing resort to federal court. *See* 16 James Wm. Moore et al., *Moore's*

3

*Federal Practice* § 107.14[2][e][i] ("Given that the purpose of diversity jurisdiction is to provide litigants with an unbiased forum by protecting out-of-state litigants from local prejudices, it makes no sense to allow an in-state defendant to take advantage of removal.").

"The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur*, 577 F.3d at 758 (citing *Doe v. Allied- Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). Here, Davenport relies on the forum defendant rule to argue Cottrell's removal was improper in light of the Illinois defendants. Cottrell counters that the Illinois defendants were fraudulently joined, so their forum defendant status should be disregarded.

The fraudulent joinder doctrine is applied in the removal context to establish original federal diversity jurisdiction where a plaintiff has sued a non-diverse defendant solely for the purpose of defeating federal diversity jurisdiction, not because he has any realistic chance of success against that defendant. *Schur*, 577 F.3d at 763; *see Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921); *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999). The doctrine of fraudulent joinder allows a court to disregard the citizenship of any fraudulently joined defendant when determining whether the plaintiffs and defendants are completely diverse under 28 U.S.C. § 1332(a). *Schur*, 577 F.3d at 763. The court can then assume jurisdiction over the removed case, dismiss any non-diverse fraudulently joined defendants from the suit and retain jurisdiction over the case. *Id.*

The doctrine of fraudulent joinder applies when a defendant demonstrates that "after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir.

4

1992); *accord Schur*, 577 F.3d at 764. If there is "any reasonable possibility" that the plaintiff may prevail against a defendant, the defendant is not fraudulently joined. *Schur*, 577 F.3d at 764 (citing *Poulos*, 959 F.2d at 73). The defendant's burden is heavy, possibly even heavier than his burden with a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Schur*, 577 F.3d at 764.

The doctrine of fraudulent joinder is limited, however, to the context of determining whether complete diversity exists *for the purpose of diversity jurisdiction*. It does not permit a court to disregard the citizenship of a defendant *for purposes of avoiding the forum defendant rule* where complete diversity exists. *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1059 (S.D. Ill. 2006). In *Yount*, a case indistinguishable from the case at bar on the relevant points, the court points out that where a nonresident plaintiff sues a resident defendant and complete diversity exists, the fraudulent joinder rule is irrelevant. *Id.* This result is consistent with the plain language of the removal statute, which states that removal of a case based on original diversity jurisdiction is allowed "only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b). The result is also consistent with the purpose behind the removal statute: to protect nonresident defendants from a plaintiff's home court. Where the plaintiff is a nonresident but has chosen to sue in a defendant's home state court, there is no need to protect the resident defendant from the prejudices of its own local courts.

The only case cited by Cottrell that addresses the application of the fraudulent joinder doctrine to avoid the forum defendant rule as opposed to establishing complete diversity is *Sargent v. Cassens Corp.*, No. 06-cv-1042-MJR, 2007 WL 1673289 (S.D. Ill. June 7, 2007). *Sargent*, however, assumes without discussing that fraudulent joinder applies in the context of

5

the forum defendant rule. In addition, it cites only cases in which the fraudulent joinder doctrine was applied to establish complete diversity, *see Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921); *Faucett v. Ingersoll-Rand Mining & Mach. Co.*, 960 F .2d 653 (7th Cir. 1992), not cases addressing its relationship to the forum defendant rule. *Yount* contains a more thorough and persuasive discussion of the issue and is convincing to this Court.

In this case, the parties are completely diverse[2], more than $75,000 is in issue and the Court has original diversity jurisdiction. It is also undisputed that some defendants are Illinois citizens. As explained above, the fraudulent joinder doctrine does not prevent the Court from considering those defendants in enforcing the forum defendant rule to remand this case to state court, Davenport's chosen forum.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Davenport's motion to remand (Doc. 17) and **REMANDS** this case to the Circuit Court for the Third Judicial Circuit in Madison County, Illinois, pursuant to 28 U.S.C. § 1447(c) based on a procedural defect in the removal process. The pending motions for summary judgment (Doc. 20) and to dismiss (Doc. 24) are rendered **MOOT** by this ruling.

**IT IS SO ORDERED.**
**DATED:  December 14, 2009**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**

---

[2]Even if the Albert Cassens Trust ends up being a citizen of Kentucky, the result of this case would be the same: remand. If a Kentucky trust has been fraudulently joined to defeat diversity jurisdiction, removal is improper in light of the other Illinois defendants. If a Kentucky trust has not been fraudulently joined, removal is improper because the Court has no diversity jurisdiction.